UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIA BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:25-CV-00303 RHH |
| | ) |
| CITY OF ST. LOUIS SHERIFF, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Antonia Bey brought this civil action seeking to prevent his removal from property located at 2837 Texas Avenue, Unit A, St. Louis, Missouri, 63118. [ECF No. 1]. Before the Court is plaintiff's motion to proceed in forma pauperis. [ECF No. 2]. For the reasons discussed below, plaintiff's motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). However, because the Court finds that plaintiff has failed to meet his burden of establishing a basis for subject matter jurisdiction over this matter, the case will be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

**The Complaint**

Plaintiff filed this action on March 11, 2025, against the Sheriff of the City of St. Louis. [ECF No. 1]. He indicates that the basis for jurisdiction in this matter is "25 U.S.C. § 177," which is titled, "Purchases or Grants of Lands from Indians."[1] In his "Request for Relief," he states that he is seeking a declaratory judgment from this Court seeking to prevent his removal from property located at 2837 Texas Avenue, Unit A, St. Louis, Missouri, 63118, which appears to be an

---

[1]In a supplement to his complaint filed on March 15, 2025, plaintiff indicates that he is suing the Sheriff of the City of St. Louis in his official and individual capacities. It appears plaintiff is attempting to sue under 42 U.S.C. § 1983 in addition to "25 U.S.C. § 177."

apartment leased by plaintiff from GreenEngine, LLC, doing business as Mysteria, LLC.[2]

This is the fourth lawsuit plaintiff brought in this Court relative to his lease with GreenEngine, LLC. *See Bey v. Mantese, et al.,* No. 4:24-CV-00517 MTS (E.D.Mo. filed April 8, 2024); *Bey v. Mantese, et al.,* No. 4:24-CV-00708 MTS (E.D.Mo. filed May 20, 2024); *Bey v. Mysteria, LLC, et al.,* No. 4:24-CV-01336 MTS (E.D.Mo. filed Oct. 4, 2024).

Plaintiff first filed a civil action in this Court on April 8, 2024, wherein he stated that he entered into a "12-month lease agreement on 09/10/2023 … for the use of real property commonly described as 2837 Texas Ave, Unit A, Saint Louis, MO 63118." *See Bey v. Mantese*, *et al.,* No. 4:24-CV-00517 MTS (E.D. Mo.). The case was dismissed for lack of subject matter jurisdiction on April 12, 2024. *Id.* Similarly, plaintiff filed *Bey v. Mantese, et al.,* No. 4:24-CV-00708 MTS (E.D.Mo.) on May 20, 2024, asserting that agents of Mysteria and Green Engine had trespassed on tribal property located at 2837 Texas Avenue, Unit A in St. Louis, Missouri. The case was dismissed for lack of jurisdiction on May 21, 2024. *Id*.

On October 4, 2024, plaintiff sued Mysteria, LLC, GreenEngine, LLC and First National Bank of Waterloo in this Court after he was sued in state court for unpaid rent. *Bey v. Mysteria, LLC, et al.,* No. 4:24-CV-01336 MTS (E.D.Mo. filed Oct. 4, 2024) (case dismissed for lack of jurisdiction on February 4, 2025). Although the initial state court proceeding was dismissed in January of 2024, *see Mysteria LLC v. Bey*, No. 2322-AC15067 (22nd Jud. Cir., St. Louis City Court), eviction proceedings were later filed against plaintiff in state court in November of 2024. *See Mysteria, LLC v. Bey*, No. 2422-AC15332 (22nd Jud. Cir., St. Louis City Court). Judgment was entered against plaintiff on February 7, 2025, and an execution order was entered by the Court

---

[2] Online real property records from the City of St. Louis's Assessor Office states that the owner of '2837 Texas Avenue' is "Green Engine LLC." *See* St. Louis-MO.gov Address and Property Search, https://www.stlouis-mo.gov/data/address-search/index.cfm?.

on February 19, 2025. *Id.* A garnishment order in an amount of $6,020.85 was entered against plaintiff on that same date. *Id.*

Despite the orders entered in *Mysteria, LLC v. Bey*, No. 2422-AC15332 (22nd Jud. Cir., St. Louis City Court), plaintiff now seeks this Court's intervention to stop the eviction and garnishment proceedings. Because this Court lacks jurisdiction over the state court proceedings, the Court will decline to intervene.

**Discussion**

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Here, plaintiff's complaint states the basis for federal question jurisdiction as "25 U.S.C. 177."[3] Plaintiff also indicates in the supplement to his complaint that he is attempting to sue the Sheriff of the City of St. Louis under 42 U.S.C. § 1983, but he has not included any claims in either

---

[3] 25 U.S.C. § 177 is referred to as the Indian Non-Intercourse Act. It pertains to the purchase or grant of lands from Native American Indian tribes and specifies that such a purchase, grant, lease, or other conveyance of such land must be done through a treaty or convention. *See Carcieri v. Salazar*, 555 U.S. 379, 384 (2009).

3

his complaint or supplement based on denial of his civil rights against the Sheriff under §1983, *i.e.,* there are no allegations that the Sheriff has engaged in any constitutional violations against plaintiff.

Additionally, the face of the complaint indicates no federal question jurisdiction over this matter relating to plaintiff's unsubstantiated assertion that he is the chief of a Native American tribe. Plaintiff's unsupported allegations that he is a tribal landowner are unverified and do not support federal jurisdiction. Based on the state court documents, the state court matter at issue here was between plaintiff, as a tenant, and defendant Mysteria, LLC, as a landlord. Mysteria, LLC sued plaintiff for unpaid rent and later for eviction. There is no Native American tribal issue here, nor an issue invoking the Commerce Clause. As such, the Court finds no basis for federal question jurisdiction over this matter.

For these reasons, the Court finds no basis for federal subject matter jurisdiction over this matter and therefore, must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (threshold requirement in every federal case is jurisdiction); *4:20 Commc'ns, Ins. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003) (party invoking federal jurisdiction has burden to establish jurisdictional requirements); *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971) ("[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

4

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

A separate Order of Dismissal will be entered this same date.

Dated this 20th day of March, 2025.

                                                HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE